COHN-HALL-MARX CO. *v.* VANOSDALL ET AL.

*Contracts—Guarantors' liability limited to sum named—Construction of contract unnecessary where meaning clear and unambiguous—Words interpreted in accordance with common, ordinary and usual meaning—Guarantor liable only by and under strict terms of obligation.*

1. Contract guaranteeing "the amount of the purchase price of any goods sold and delivered * * * to the Alvo Company of Ashland, Ohio, up to the sum of $8,000," *held* to limit amount of guarantors' liability to the sum named.

2. The terms "construction" and "interpretation" denote or at least imply an uncertainty of meaning, and, when the meaning is clear and unambiguous, there is no need of any attempt at or room for construction.

8. In construction of contract, words used are to be interpreted in accordance with their common, ordinary, and usual meaning.

4. In Ohio, a guarantor can be held liable only by and under the strict terms of his obligation.

(Decided May 6, 1927.)

ERROR: Court of Appeals for Ashland county.

*Mr. C. P. Winbigler,* for plaintiff in error.
*Mr. Clyde C. Sherick,* for defendants in error.

HOUCK, J.   This case comes into this court on a petition in error from the common pleas court of Ashland county, and the parties stand here in the same position as they occupied in the lower court. The recovery sought is based on a written contract of guaranty, upon which plaintiff in its petition prayed for a judgment in the sum of $1,437.11. The defendants by answer filed, and as a first

defense, denied each and all of the material allegations of the petition, and as an affirmative defense stated:

"Defendants, further answering said petition, aver that from the 12th day of June, 1917, up to May 20, 1920, plaintiff sold and delivered goods and merchandise to The Alvo Company, which were paid by the said The Alvo Company, which amounted to over $25,000. And, further answering said petition, say that by the terms of said agreement, the same was to be in full force and effect as to all sales which had been made prior to the 21st day of September, 1917, by plaintiff to the Alvo Company and to all goods thereafter sold by plaintiff to the Alvo Company up to the amount of $8,-000, and, that the sales made by plaintiff to the Alvo Company embraced within the terms of said agreement, commenced on June 12, 1917, and that all sales made by plaintiff to the Alvo Company from June 12, 1917, up to the amount of $8,000 as stipulated in said agreement, were fully paid for by The Alvo Company to the plaintiff.

"Wherefore answering defendants ask that they may go hence without cause."

On the petition, answer, and the evidence, the cause was submitted for determination to the trial judge, who found for the defendants, and against the plaintiff, and a judgment was entered accordingly. Error is here prosecuted seeking a reversal of the judgment below.

The written contract of guaranty reads:
"Contract.

"In consideration of one dollar ($1.00) to me in hand paid, the receipt of which is hereby acknowledged, we jointly and severally hereby agree

to pay to the Cohn-Hall-Marx Co. of New York City, the amount of the purchase price of any goods sold and delivered by it to the Alvo Company of Ashland, Ohio, up to the sum of eight thousand dollars ($8,000).

"This agreement applies both to the sales which have heretofore been made to the Alvo Company by the Cohn-Hall-Marx Co. and to sales which may hereafter be made, and this agreement shall remain in full force and effect as to all goods sold hereafter by the Cohn-Hall-Marx Co. to the Alvo Company up to any time within ten days after the receipt by the Cohn-Hall-Marx Co. of a notice in writing by registered mail canceling this agreement. Any and all goods sold and delivered by said Cohn-Hall-Marx Co. at any time prior to the expiration of said ten days (10) after receipt of said notice by registered mail, shall be within the terms of this agreement.

"In witness whereof we have hereunto set our hand and seal this 21st day of September, nineteen hundred and seventeen."

It is conceded by counsel that the decisive question in the case is: Under the terms and provisions of the written guaranty, is the same limited in the amount of liability of the guarantors thereunder to the sum of $8,000, or is it unlimited?

Counsel for the defendants contends that the contract is a limited one, while counsel for plaintiff insists that it is unlimited.

The trial judge found the contract to be limited. Question: Did the court below err in its finding and judgment?

The proper solution of this question involves an interpretation of and a correct application of the language used in the contract of guaranty.

Parties and counsel need not be reminded that the purpose of contract interpretation is to ascertain and give effect to the actual contract entered into by the parties, which they intended to make, and upon which their minds met.

The terms "construction" and "interpretation" denote, or at least imply, an uncertainty of meaning, and, when the meaning is clear and unambiguous there is no need of any attempt at construction. In other words, where no uncertainty exists there is no room for construction. Thus it follows: When the meaning is plain another meaning cannot be supplied by implication or intendment.

In the construction of a contract, the words used are to be interpreted in accordance with their common, ordinary, and usual meaning.

We have no hesitancy in saying that, applying the rules of construction, as herein laid down, to the contract before us it is not in any way ambiguous or uncertain in its terms and provisions. The language used is clear, plain, and certain and only creates a limited guaranty.

In Ohio the fixed rule seems to be that a guarantor can only be held liable by and under the strict terms of the obligation.

The operative words in this contract of guaranty are:

"We jointly and severally hereby agree to pay to the Cohn-Hall-Marx Co. of New York City, the amount of the purchase price of any goods sold and delivered by it to the Alvo Company of Ashland, Ohio, up to the sum of $8,000."

This language clearly means that the guarantors will pay not to exceed the sum of $8,000 for goods purchased by the Alvo Company of the plaintiffs.

Looking then to the language of the operative words of the contract of guaranty as our "guiding star," it occurs to us that but one construction can properly be placed on same, namely, that the guaranty was and is limited to the amount of $8,000.

In the case of *Morgan* v. *Boyer*, 39 Ohio St., 324, 48 Am. Rep., 458, the court lays down the following rules of law, which, when applied to the case at bar, appear to be decisive of this lawsuit in favor of the defendants:

"1. The rule that the language of a promise is to be construed most strongly against the promisor cannot properly be applied to the construction of a guaranty.

"2. A guarantor, like a surety, is bound only by the express terms of his contract.

"3. The language used is to be understood in its plain and ordinary sense, as read in the light of the surrounding circumstances, the situation of the parties, and the object of the guaranty, and that construction given which most nearly conforms to the intention of the parties.

"4. If the language is equally capable of each construction, the one will be adopted which construes it to be limited, and not the one which construes it to be continuing."

Applying to the construction of this instrument of guaranty the rules which we have stated and the authority cited, we are unanimous in our conclusion that the judgment of the common pleas court should not be disturbed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.